IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL I. COLEMAN, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. GLR-18-2987 |
| WARDEN R. FOXWELL, et al., | * | |
| Respondents. | * | |

*****

# MEMORANDUM OPINION

Pending before the Court is Petitioner Michael I. Coleman's Petition for Writ of Habeas Corpus. (ECF No. 1). The Petition is ripe for disposition, and no hearing is necessary. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; see also 28 U.S.C. § 2254(e)(2) (2018). For the reasons set forth below, the Court will dismiss the Petition as time-barred.

## I. BACKGROUND

On July 16, 2014, Coleman was charged by criminal information with possession of a controlled dangerous substance ("CDS") (heroin) with intent to distribute, simple possession of CDS (heroin), simple possession of CDS (marijuana), and possession of CDS paraphernalia in the Circuit Court for Kent County, Maryland. (Resp'ts' Ltd. Ans. Pet. Writ Habeas Corpus ["Ltd. Ans."] Ex. 1 ["State Record"] at 19–22, ECF No. 6-1). On January 14, 2015, a jury convicted Coleman on all four counts. (See id. at 10). On March 27, 2015, the Circuit Court sentenced Coleman to twenty years of incarceration for possession of

heroin with intent to distribute and one year, concurrent, for possession of marijuana. (Ltd. Ans. Ex. 4 at 24–26, ECF No. 6-4).

On April 1, 2015, Coleman appealed his convictions to the Court of Special Appeals of Maryland, (State Record at 10), and filed a Motion for Reduction of Sentence pursuant to Maryland Rule 4-345(e) in Circuit Court, (id. at 10, 23–24). The Circuit Court denied Coleman's motion on or about May 14, 2015. (See id. at 201). While his direct appeal was pending, on April 20, 2015, Coleman also filed an application for review of sentence by a three-judge panel of the Circuit Court pursuant to Maryland Rule 4-344. (Id. at 10). On June 30, 2015, the three-judge panel issued an order that left Coleman's sentence unchanged. (Id. at 9). On March 8, 2016, the Court of Special Appeals affirmed Coleman's convictions, with the mandate issuing on April 7, 2016. (Id. at 142–68). Coleman did not seek further direct review by petition for certiorari in the Court of Appeals of Maryland, and therefore, the judgment and sentence became final for direct appeal purposes on April 22, 2016. See Md. Rule 8-302(a) (requiring that petitions for writ of certiorari to be filed no later than fifteen days after the Court of Special Appeals issues its mandate).

On July 12, 2016, Coleman filed a petition for post-conviction relief in the Circuit Court. (State Record at 8). He filed an amended petition through counsel on January 12, 2017. (See id. at 7, 178–99). Following a hearing on May 5, 2017, the Circuit Court denied post-conviction relief on July 18, 2017. (Id. at 6–7).

Thereafter, Coleman filed an application for leave to appeal the denial of post-conviction relief, which was entered in the Circuit Court docket on September 5, 2017.[1] (Id. at 6). On October 10, 2017, the Court of Special Appeals ordered that the application for leave to appeal be dismissed as untimely pursuant to Maryland Rule 8-602(a)(3). (Id. at 226). The mandate issued on November 9, 2017. (Id. at 6).

On April 2, 2018, Coleman filed a motion to reopen his post-conviction proceedings, which the Circuit Court denied on May 8, 2018. (Id.). On August 3, 2018, a letter from Coleman to the judge who presided over his post-conviction proceedings was docketed in the Circuit Court as a motion for reconsideration of the post-conviction ruling. (Id. at 6, 236–41). The Circuit Court has not yet ruled on that motion.

Coleman, an inmate at Eastern Correctional Institution in Westover, Maryland, filed the instant Petition on September 25, 2018.[2] (ECF No. 1). In the fifty-six-page Petition, Coleman collaterally attacks his 2015 convictions for CDS offenses. (Pet. Writ Habeas Corpus ["Pet."] at 1, ECF No. 1).[3] Coleman appears to take issue with, among other things, the evidence presented at his trial, the assistance rendered by his trial and post-conviction attorneys, the actions taken by the prosecutor, trial judge, and post-conviction

---

[1] Coleman asserts that he signed the application on August 14, 2017, and that "[t]he stamp on the back of the envelope said it left the prison on August 15, 2017." (Pet. Writ Habeas Corpus ["Pet."] at 46; Pet'r's Opp'n at 7, ECF No. 8).

[2] Although the Court received Coleman's Petition on September 27, 2018, his Petition is deemed filed as of the date he mailed it, September 25, 2018. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a prisoner's submission is deemed to have been filed on the date it was deposited in the prison mailing system).

[3] Citations to Coleman's Petition and Opposition refer to the pagination the Court's Case Management and Electronic Case Files ("CM/ECF") system assigned.

judge during the state court proceedings, and the Court of Special Appeals' dismissal of his application for leave to appeal the denial of post-conviction relief. (Id. at 6–55). On December 20, 2018, Respondents filed a Limited Answer in which they argue that the Petition should be dismissed as untimely. (Ltd. Ans., ECF No. 6). On December 21, 2018, the Court issued an Order affording Coleman was afforded an opportunity to explain why the Petition should not be dismissed as time-barred. (Dec. 21, 2018 Order at 3, ECF No. 7). On January 16, 2019, Coleman filed an Opposition. (ECF No. 8).

## II. DISCUSSION

### A. Petition for Writ of Habeas Corpus

In their Limited Answer, Respondents assert that the Petition should be dismissed as time-barred because it was filed beyond the one-year limitations period set forth in 28 U.S.C. § 2244(d). Respondents note that although the limitations period was statutorily tolled while Coleman's petition for post-conviction relief was pending, more than one year of untolled time elapsed before he filed his Petition in this Court. Respondents also argue that Coleman has not provided sufficient cause to excuse his failure to timely file the Petition and, therefore, it must be dismissed as time-barred. Coleman counters that he thought he had until October 10, 2018 to file his Petition, calculating the one-year limitations period as starting from the Court of Special Appeals' October 10, 2017 order dismissing his application for leave to appeal the denial of post-conviction relief. The Court agrees with Respondents.

A petition for a writ of habeas corpus may be granted only for violations of the U.S. Constitution or laws of the United States. 28 U.S.C. § 2254(a). Petitions filed under § 2254

4

are subject to a one-year statutory limitations period, which includes certain exceptions. 28 U.S.C. § 2244(d)(l). The exception relevant to Coleman's Petition provides, "The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(l)(A). In addition, the one-year limitations period is tolled while properly filed state post-conviction proceedings are pending. See id. at § 2244(d)(2).

Here, Coleman's Petition is time-barred. His conviction and sentence became final for direct appeal purposes on April 22, 2016, when the time for pursuing direct review in state court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012); Md. Rule 8-302(a). He filed his petition for post-conviction relief in state court eighty-one days later, on July 12, 2016, thus leaving 284 days in the one-year period. The limitations period remained tolled until July 18, 2017, when the Circuit Court denied his post-conviction petition.

Thereafter, Coleman filed an application for leave to appeal the denial of post-conviction relief. Coleman's application was not docketed until September 5, 2017, and the Court of Special Appeals thus dismissed it as untimely pursuant to Maryland Rule 8-602(a)(3).[4] Because the application was untimely, see Md. Rule 8-204(b)(2), it was not deemed "properly filed" pursuant to § 2244(d)(2) and therefore did not toll the limitations period. See Evans v. Chavis, 546 U.S. 189, 191 (2006).

---

[4] Coleman takes issue with the Court of Special Appeals' dismissal of his application, arguing that the application was timely mailed from the prison on August 15, 2017. (Pet. at 46; Pet'r's Opp'n at 7). This Court, however, has no jurisdiction to alter or amend the state appellate court's ruling on that issue.

5

Next, Coleman filed a motion to reopen his post-conviction proceedings on April 2, 2018. Between when the Circuit Court denied Coleman's post-conviction petition on July 18, 2017 and the filing of the motion to reopen, 258 days elapsed out of the remaining 284 days in the limitations period, thus leaving Coleman twenty-six days in the one-year limitations period. The limitations period was tolled again while the motion to reopen was pending. See Fletcher v. Miller, Civ. No. TDC-15-0051, 2016 WL 4132210, at *6 (D.Md. Aug. 2, 2016) (noting that a properly filed motion to reopen a post-conviction proceedings triggers statutory tolling (citing Wall v. Kholi, 562 U.S. 545, 560 (2011)). On May 7, 2018, after the Circuit Court denied Coleman's motion to reopen, the limitations period began to run again.

Twenty-six days after May 7, 2018, was Saturday, June 2, 2018. If Coleman had filed his Petition by Monday, June 4, 2018, it would have been timely.[5] See Fed.R.Civ.P. 6(a)(1)(C). Coleman, however, filed his Petition on September 25, 2018—141 days later. In sum, Coleman did not file his Petition until 480 days, or over a year, after his judgment became final. The Court, therefore, concludes that Coleman's Petition is statutorily time-barred under 28 U.S.C. § 2244(d).

The Court notes that under certain circumstances, the statute of limitations for habeas petitions may be subject to equitable tolling. See, e.g., Harris v. Hutchinson, 209 F.3d 325, 329–30 (4th Cir. 2000); United States v. Prescott, 221 F.3d 686, 687–88 (4th Cir.

---

[5] Coleman's filing on August 3, 2018, of a letter that was docketed as a motion for reconsideration of the post-conviction ruling could not toll the limitations period because, by that time, the limitations period had already expired.

2000). A petitioner seeking equitable tolling must show either that there was wrongful conduct by the respondents that prevented the petitioner from filing on time, or that there were "extraordinary circumstances" beyond the petitioner's control that prevented timely filing of a petition. Harris, 209 F.3d at 330; Rose v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Equitable tolling must be applied sparingly, as it is "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Harris, 209 F.3d at 330.

Coleman argues that equitable tolling applies because he believed that he had one year from the Court of Appeals' dismissal of his application for leave to appeal the denial of post-conviction relief to file his Petition. (Pet'r's Opp'n at 10, 23–25, ECF No. 8). Unfamiliarity with the law, however, is not a basis for equitable tolling. See United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004).

Coleman also states that he is "asserting the claim of actual innocence," (Pet'r's Opp'n at 25), a gateway through which the Court may consider untimely habeas petitions, see McQuiggin v. Perkins, 569 U.S. 383, 392 (2013). To establish an actual innocence claim, a petitioner must first "support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Finch v. McKoy, 914 F.3d 292, 298 (4th Cir. 2019) (quoting Schlup v. Delo, 513 U.S. 298, 324 (1995)). Here, Coleman summarily states that he is actually innocent. He fails to provide any information to support his assertion and contends, only in the last paragraph of his twenty-

six-page Opposition, that the Court should grant his Petition "in the interest of justice." (Pet'r's Opp'n at 25). The Court, therefore, concludes that Coleman provides no basis for equitable tolling. Accordingly, the Court will dismiss the Petition as time-barred.

**B.** **Certificate of Appealability**

When a district court dismisses a habeas petition, a Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "jurists of reason could disagree with the district court's resolution of [the] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Buck v. Davis, 137 S.Ct. 759, 773–74 (2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 327 (2003)). When a district court denies a petition on procedural grounds, the petitioner meets the standard by showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because Coleman fails to satisfy this standard, the Court declines to issue a Certificate of Appealability. Coleman may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. See Lyons v. Lee, 316 F.3d 528, 532 (4th Cir. 2003).

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the Petition as time-barred and declines to issue a Certificate of Appealability. A separate Order follows.

Entered this 29th day of April, 2019.

/s/
_____
George L. Russell, III
United States District Judge